UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEONARD M. ENGLERT, et al.,

                            Plaintiffs,

              v.

JAMES K. ISHIGURO, et al.,

                            Defendants.

_____

ORDER

02-CV-6409T

        Plaintiff Leonard Englert commenced this action on August 1, 2002 against

defendants James and Kiyoshi Ishiguro and General Motors Corp.  (Docket # 1).  Englert's

complaint arises from a traffic accident in which Englert's pick-up truck was struck by a vehicle

driven by James Ishiguro.  (Docket # 1).  Englert filed suit against the Ishiguros and General

Motors Corp., which he claimed had defectively designed the seatbelt in his pick-up truck.

(Docket # 1).  Englert has settled his claim against the Ishiguros, and the settlement proceeds

have been paid to his attorneys, the Barnes Firm.  Pursuant to the retainer agreement signed by

Englert, the Barnes Firm retained one-third of the settlement as attorneys' fees and another

unspecified amount as reimbursement for other costs related to the litigation.

        Before disbursing the remainder to Englert, however, the Barnes Firm withheld an

additional sum of $25,000, to be held as a retainer fund for the pending action against General

Motors.  The Barnes Firm has failed, however, to provide any documentation authorizing the

withholding of the retainer, and Englert claims that no such authorization was given.  At some

time between November 2004 and March 2005, Englert demanded the return of the $25,000.  In

March 2005, the Barnes Firm issued a check to Englert for $14,325.33. According to counsel,

that amount represented the amount remaining following a reduction of $2,362.97 (representing

disbursements incurred between the time of the settlement and Englert's demand for the return of

the money) – bringing the balance in the settlement fund to $22,637.03 – and a further reduction

of $7,545.67 (one-third of $22,637.03).

My review of the record leads me to conclude that the retainer agreement

authorized the Barnes Firm to retain as attorneys' fees one-third of the settlement proceeds, or

$8,333 (one-third of $25,000), and to pay Englert the remainder, or $ 16,667. I cannot conclude

that any further withholdings were authorized, and thus I find that $2,341.67 should be paid to

Englert. That amount represents the difference between $16,667, which should have been paid to

Englert, and $14,325.33, which was in fact paid to him.

Currently before this Court is Schaffer's motion to withdraw as Englert's counsel.

(Docket # 30). During oral argument of counsel's motion to withdraw, Englert agreed that his

relationship with his attorney has deteriorated and is no longer productive. I conclude, based

upon the expressed views of both plaintiff and his attorney, that the application to withdraw as

counsel should be granted.

Accordingly, it is hereby

ORDERED, that Gerald W. Schaffer, Jr., Esq. shall be relieved as counsel of

record upon payment to Englert of $2,341.67, which amount shall be forwarded to Englert by no

later than seven (7) days from the date of this Order, and it is further

ORDERED, that Schaffer shall provide to Englert by **December 27, 2004**, a

complete copy of his file in this matter; and it is further

2

ORDERED that a status conference shall be held before this Court on **February 8, 2006**, at **11:40 a.m.**, at which time Englert will be expected to advise the Court whether he has retained new counsel or whether he wishes to proceed *pro se*.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        December  12  , 2005.